# COURT OF APPEALS OF VIRGINIA

---

**Record No. 0959-25-3**

---

JEREMIAH MAURICE FLETCHER
v.
COMMONWEALTH OF VIRGINIA

---

Present: Judges Chaney, Callins and Bernhard
Argued by videoconference

Opinion Issued August 11, 2026[*]

---

**FROM THE CIRCUIT COURT OF THE CITY OF WAYNESBORO**
Paul A. Dryer, Judge

Dana R. Cormier (Dana R. Cormier, P.L.C., on brief), for appellant.

Israel-David J.J. Healy, Assistant Attorney General (Jason S. Miyares,[1] Attorney General; Angelique Rogers, Assistant Attorney General, on brief), for appellee.

---

**MEMORANDUM OPINION BY**
**JUDGE DAVID BERNHARD**

Jeremiah Maurice Fletcher appeals the judgment of the Circuit Court of the City of Waynesboro revoking his previously suspended sentence and imposing one year of active incarceration upon a finding that he committed a non-technical "special condition" violation of his probation. Fletcher does not dispute the conduct underlying the revocation. He contends only that the conduct, namely having unauthorized contact with a minor, using the internet without permission, and failing to disclose a romantic relationship in contravention of instructions given by his probation officer, was a second technical violation governed by the sentencing limitations of Code § 19.2-306.1, and not a non-technical special condition violation.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Jay C. Jones succeeded Jason S. Miyares as Attorney General on January 17, 2026.

We agree. The governing condition the circuit court imposed when it revoked and re-suspended the original sentence required only that Fletcher "follow all sex offender special instructions as directed by the Probation Officer to include any sex offender treatments or programs as deemed necessary by his probation officer," and the conduct the court found to be in violation was conduct the probation officer, rather than the court, proscribed. That conduct matches the failure to follow the instructions of the probation officer enumerated as a technical violation in Code § 19.2-306.1(A)(v). Because the violation was technical, the circuit court was bound by the limitation the Code places upon the period of active incarceration for a second technical violation. Accordingly, we reverse the judgment and remand for resentencing.

BACKGROUND

In a sentencing order entered in 2021, the circuit court convicted Fletcher of using a communications system to solicit a minor under 15 years of age for a sexual purpose, in violation of Code § 18.2-374.3, and sentenced him to a term of incarceration of 15 years with 10 years suspended. As a special condition of the suspended sentence, the court ordered Fletcher to follow the sex offender special instructions as directed by the probation officer, to include any sex offender treatments or programs as deemed necessary.

After Fletcher was released to supervised probation, he violated the conditions of his supervision, and the circuit court found that he had committed a first technical violation under Code § 19.2-306.1, revoked his suspended sentence, and re-suspended the unserved portion. In that revocation order the court again directed Fletcher to "follow all sex offender special instructions as directed by the Probation Officer to include any sex offender treatments or programs as deemed necessary by his probation officer."

Fletcher returned to supervised probation on February 25, 2025, and signed a document captioned Sex Offender Special Instructions, which required him to disclose romantic

- 2 -

relationships, to avoid unauthorized contact with minors, and to refrain from using the internet without permission. The probation officer subsequently reported that Fletcher had failed to disclose a sexual relationship, had been present with a 17-year-old minor at the home of a friend, had used the internet at a library without permission, and had tested positive for amphetamines and marijuana. Fletcher completed a psychosexual evaluation arranged through probation. On April 9, 2025, the probation officer submitted a major violation report.

At the revocation hearing on May 21, 2025, Fletcher stipulated that he had committed technical violations of conditions six and eight, but denied that he had violated any special condition. Relying on *Ellis v. Commonwealth*, 84 Va. App. 531 (2025), he argued the circuit court could not transform a technical violation into a special condition violation by delegating to the probation officer the authority to create special conditions.

The circuit court distinguished *Ellis*. The court reasoned the order in *Ellis* contained only what the court described as "boiler plate" language requiring compliance with a probation contract, whereas its own orders expressly required Fletcher to follow sex offender special instructions. The court found Fletcher's use of marijuana[2] to be a technical violation of condition eight, but found his contact with a minor, his use of the internet without permission, and his failure to disclose a romantic relationship to be violations of the court-imposed special condition. The court revoked the ten years of previously suspended incarceration and re-suspended nine years, thereby imposing one year of active incarceration.

ANALYSIS

I. *Standard of Review*

Fletcher does not challenge the circuit court's factual findings. The sole question is whether his undisputed conduct constituted a technical violation within the meaning of Code

---

[2] It is unclear from the record why the court did not also mention amphetamines in its order.

§ 19.2-306.1(A).  The meaning of a statute is a question of law reviewed de novo.  *Ellis*, 84 Va. App. at 537; *Heart v. Commonwealth*, 75 Va. App. 453, 460 (2022).  The Commonwealth correctly observes a circuit court possesses the authority to interpret its own orders, an exercise reviewed for abuse of discretion.  *Roe v. Commonwealth*, 271 Va. 453, 457-58 (2006).  The dispositive question here, however, is not what the circuit court's orders required, but whether the conduct found to violate those orders is technical or non-technical under the statute, a question of statutory classification we review de novo.  *Diaz-Urrutia v. Commonwealth*, 77 Va. App. 182, 190 (2023).  *Roe*'s deferential standard reaches a circuit court's resolution of a genuine ambiguity in its own order; it does not govern the question presented here.  The terms of the circuit court's orders are undisputed, and Fletcher does not contend they mean anything other than what they say.  What is disputed is their legal effect—whether an order directing the probationer to follow the special instructions the probation officer sets imposes a special condition of the court's own or instead delegates that task to the officer.  That question is answered by the statute's definition of a technical violation, and we review it de novo.

*II.  Statutory Framework*

Code § 19.2-306.1 establishes two categories of probation violations.  *Commonwealth v. Delaune*, 302 Va. 644, 655 (2023).  The first category consists of technical violations, defined as a probationer's failure to abide by one of ten conditions enumerated in subsection (A).  Code § 19.2-306.1(A); *Heart*, 75 Va. App. at 466.  Among those enumerated conditions is the failure to "follow the instructions of the probation officer, be truthful and cooperative, and report as instructed."  Code § 19.2-306.1(A)(v).  The second category consists of non-technical violations, which include the violation of a condition other than one of the enumerated technical conditions.  Code § 19.2-306.1(B).  Such non-technical conditions, imposed by the sentencing court, are commonly termed "special conditions."  *Ellis*, 84 Va. App. at 538; *Burford v. Commonwealth*, 78

Va. App. 170, 183 (2023). The distinction carries real consequence, for while subsection (C) limits the period of active incarceration a court may impose for a technical violation, no comparable limitation governs a non-technical violation. Code § 19.2-306.1(C); *Thomas v. Commonwealth*, 77 Va. App. 613, 622 (2023).

Whether a probationer's conduct is technical or non-technical turns on a single inquiry: does the conduct match the conduct enumerated in subsection (A)? *Diaz-Urrutia*, 77 Va. App. at 191. The conduct described in Code § 19.2-306.1 is "the touchstone" for that determination. *Shifflett v. Commonwealth*, 81 Va. App. 277, 293 (2024) (en banc). If the violative conduct matches conduct the statute defines as technical, the violation is technical and subsection (C)'s limitations apply, even where the sentencing order purports to characterize the condition as special. *Id.* at 292; *Burford*, 78 Va. App. at 183. Conversely, if the conduct does not match the enumerated list but matches a special condition imposed by the sentencing court, it is not subject to those limitations. *Burford*, 78 Va. App. at 182-83.

### III. Classification of Fletcher's Conduct

#### A. The condition delegated to the probation officer the authority to direct the instructions Fletcher was found to have violated.

The condition on which the circuit court relied directed Fletcher to "follow all sex offender special instructions *as directed by the Probation Officer* to include any sex offender treatments or programs *as deemed necessary by his probation officer*." (Emphases added). By its terms, the condition specified no behavioral instruction of its own governing the conduct at issue. It did not prohibit contact with minors, did not prohibit use of the internet, and did not require disclosure of romantic relationships. Each of those requirements was supplied by the probation officer, who reduced them to writing in the document Fletcher signed upon his return to supervision. The conduct the circuit court found to be in violation was thus Fletcher's failure to follow instructions the probation officer directed, and the failure to follow the instructions of

the probation officer is the very conduct Code § 19.2-306.1(A)(v) enumerates as a technical violation. The original sentencing order confirms the point in a second way: it independently required Fletcher to "comply with all the rules and requirements set by the Probation Officer," a general command to obey the officer that fixes no substantive rule of the court's own. A failure to abide by the officer's directions under such a clause is a failure to follow the instructions of the probation officer, and so a technical violation under subsection (A)(v). *Cf. Terry v. Commonwealth*, 81 Va. App. 241, 244 (2024) (addressing a suspended sentence whose sole probation condition directed the probationer to "comply with all the rules and requirements set by the [p]robation [o]fficer" (alterations in original)).

This Court confronted a materially indistinguishable circumstance in *Ellis*. There, the probationer also failed to follow sex offender special instructions set by the probation officer, and the Commonwealth argued that the failure was non-technical because the sentencing order required the probationer to comply with the terms of a probation contract. *Ellis*, 84 Va. App. at 540. This Court rejected that argument, holding the instructions were imposed entirely by the probation officer and the failure to follow them squarely matched subsection (A)'s failure to follow the instructions of the probation officer. *Id.* at 543. So too here. The behavioral requirements Fletcher violated were probation imposed, and his failure to follow them matches Code § 19.2-306.1(A)(v).

B. *Shifflett and Burford are distinguishable, because in each the sentencing court imposed a specific substantive condition.*

The line between court- and officer-imposed special conditions turns on who supplies the substantive content of the obligation. A sentencing court fixes a condition when it identifies the act to be performed or the objective to be met, even if it leaves to the probation officer the specification of details or the supervision of compliance. By contrast, it delegates the creation of a condition, when the substantive content, that is, the specific conduct the probationer must

undertake or avoid, is left entirely to the officer. A violation of the former is measured against the court's condition; a violation of the latter is, in substance, a failure to follow the instructions of the probation officer, which Code § 19.2-306.1(A)(v) makes a technical violation. This Court drew that very line in *Ellis*, holding that "[i]f the circuit court imposed the condition, the condition is not among those listed in Code § 19.2-306.1(A), and the probation officer merely *supervised* its implementation," the violation may be treated as non-technical, but that if the probation officer instead imposed the condition without any corresponding special condition articulated by the court, the violation falls under subsection (A)(v). 84 Va. App. at 545 (alteration in original) (quoting *Terry*, 81 Va. App. at 249).

The Commonwealth's reliance on *Shifflett* and *Burford* is misplaced, because in each the sentencing court itself imposed a specific, substantive condition the probationer failed to satisfy. In *Shifflett*, the sentencing order required the probationer to complete 200 hours of community service and to enroll in counseling with a licensed sex offender provider, and the violation consisted of the failure to perform those court-ordered acts. 81 Va. App. at 285, 298-99. In *Burford*, the sentencing court ordered completion of all recommendations of a mental health evaluation, and the violation consisted of the failure to complete a psychosexual evaluation the evaluating center recommended. 78 Va. App. at 175, 183-84. That the evaluator, rather than the court, named the particular evaluation did not make the obligation the officer's own, for the court had set the evaluation in motion and fixed the objective—completion of its recommendations— so the substantive condition remained the court's. That objective had a terminus the court itself supplied: the recommendations of a court-ordered evaluation formed a bounded, ascertainable set, against which completion could be measured. The command that governed Fletcher's conduct supplied no comparable terminus. It named no act, no program, and no objective the court itself defined, requiring only that Fletcher follow whatever instructions the officer might

- 7 -

write, so that the whole of its behavioral content lay with the officer. Recasting so open-ended a command as a court-fixed objective cannot bridge that gap, for the court fixed no objective against which a violation could be judged. In each, *Shifflett* and *Burford*, the court delegated to the probation officer only the supervision of a condition the court had fixed; it did not delegate the creation of the condition. *See Shifflett*, 81 Va. App. at 292; *Burford*, 78 Va. App. at 175, 183-84.

Fletcher's violations are of a different character. He is not charged with failing to complete a treatment or a program the circuit court ordered; indeed, he completed the psychosexual evaluation arranged through probation. His violations were instead of behavioral instructions, namely no contact with minors, no internet without permission, and disclosure of relationships, which the probation officer formulated and directed. The Commonwealth responds that the court's condition was a single, integrated command it imposed, not a delegation at all. But a condition whose entire behavioral content is supplied by the probation officer is a delegation whatever label the order attaches to it; that is the teaching of *Ellis*, and to hold otherwise would allow a sentencing court to evade the limitations the Code places on technical violations simply by directing, in its own order, that the probationer obey whatever instructions the officer gives. The qualifying clause of the court's condition, "to include any sex offender treatments or programs as deemed necessary," does not reach this conduct, because the conduct at issue concerns neither a treatment nor a program. The portion of the condition that actually governed Fletcher's conduct was the open-ended command to "follow all sex offender special instructions as directed by the Probation Officer," and that command is a delegation of the kind *Ellis* holds insufficient to render a violation non-technical.

*C. The circuit court's distinction between "boiler plate" language and an express reference to sex offender special instructions does not alter the analysis.*

The circuit court distinguished *Ellis* on the ground the order there employed "boiler plate" language directing compliance with a probation contract, whereas its own orders expressly referred to sex offender special instructions. The distinction does not withstand scrutiny. Whether an order directs a probationer to comply with the conditions of a probation contract or to follow all sex offender special instructions as directed by the probation officer, the substantive content of the obligation, that is, the specific acts the probationer must perform or avoid, is in each instance supplied by the probation officer and not by the court. The label an order attaches to the delegation cannot change the character of the conduct that violates it. That the order here named "sex offender special instructions" where the order in *Ellis* referred only to a probation "contract" is a distinction without a difference. *Ellis* did not turn on the label the order used but on the absence of any content the court itself supplied, observing that the instructions there "were entirely probation imposed, and the Commonwealth did not seek an order of the court adding similar conditions to [the probationer's] sentence." *Ellis*, 84 Va. App. at 543. An order directing the probationer to follow "all sex offender special instructions as directed by the Probation Officer" names a category of instructions the officer writes but, like an order to comply with a "contract," supplies none of their behavioral content; in each the court identified no act to perform or avoid and left that substance to the officer. Naming the officer's instructions in the order thus adds no condition of the court's own that the reference to a contract in *Ellis* lacked. As this Court has cautioned, a court may not evade the sentencing scheme for technical violations by crafting special conditions encompassing conduct the statute defines as technical. *Shifflett*, 81 Va. App. at 292; *Burford*, 78 Va. App. at 183. The inquiry remains whether the conduct matches the enumerated list, and is determined by reference to the conditions articulated

at sentencing, not the discretionary enforcement mechanisms of the probation office. *Diaz-Urrutia*, 77 Va. App. at 193.

Nor can the reference to "all sex offender special instructions" be read as a term of art that itself supplies the prohibitions Fletcher was found to have violated. The order does not name that phrase and stop; it directs Fletcher to follow those instructions "as directed by the Probation Officer." By its own terms, the condition ties its content not to any fixed source the court identified but to whatever the officer might direct, and a phrase whose meaning the order makes contingent on an officer's direction is not a term of art with settled content but a delegation. A court's order cannot incorporate, and its words cannot fix, the content of a document whose terms lay *entirely* in the officer's discretion. "A court speaks through its orders," *McBride v. Commonwealth*, 24 Va. App. 30, 35 (1997), and measured against the court's orders alone the condition named no act to perform or avoid; what the order did not itself contain, the court did not impose.

The circuit court correctly recognized not every instruction a sex offender probationer receives falls outside the enumerated technical conditions; the court found Fletcher's marijuana use to be a technical violation of condition eight, consistent with the distinction drawn in *Thomas*. *Thomas*, 77 Va. App. at 622. Explaining its ruling from the bench, the court applied that same distinction, acknowledging there may be "circumstances that the sex offender special instructions would overlap with the technical violations in 306.1." But the court reasoned that "having a sexual relationship without disclosing or utilizing the Internet without permission and having contact with a minor without permission, none of that conduct matches with the 306.1 conduct." That comparison measured Fletcher's conduct against the statute's substantive categories alone and did not account for subsection (A)(v), which these violations match not by their substance but by their source in the instructions of the probation officer. The court's own

findings underscore the point: it classified as technical not only Fletcher's marijuana use under condition eight but also his violation of condition six—the requirement that he follow the probation officer's instructions and be truthful, cooperative, and report as instructed—which restates Code § 19.2-306.1(A)(v) almost verbatim. The court thus treated a failure to follow the officer's instructions as technical when the obligation appeared as a standard condition of probation, yet as a special condition when the same failures were cast as sex offender special instructions. The statute draws no such distinction. The conduct the court treated as a special condition violation, namely unauthorized contact with a minor, use of the internet, and nondisclosure of a relationship, is conduct the probation officer proscribed, and it matches Code § 19.2-306.1(A)(v) no less than the conduct the court correctly classified as technical.

The marijuana use and the conduct the probation officer prohibited are both technical violations, and because Code § 19.2-306.1(A) provides that "[m]ultiple technical violations arising from a single course of conduct or a single incident or considered at the same revocation hearing shall not be considered separate technical violations for the purposes of sentencing," the two together—both considered at the same revocation hearing—amount to a single technical violation. *See Commonwealth v. Canales*, 304 Va. 200, 213-14 (2025) (construing the final sentence of Code § 19.2-306.1(A) and recognizing that multiple technical violations considered at the same revocation hearing are treated as one violation for purposes of sentencing). Because Fletcher's earlier revocation rested on a first technical violation, and because the conduct now at issue matches Code § 19.2-306.1(A)(v), the violation before the court was, in its entirety, his second technical violation.

*IV. Resentencing*

Because Fletcher's violation was a second technical violation, the period of active incarceration the circuit court could impose was limited by Code § 19.2-306.1(C). For a second

technical violation, Code § 19.2-306.1(C) creates "a presumption against imposing a sentence of a term of active incarceration" and permits the court to "impose not more than 14 days of active incarceration" only "if the court finds, by a preponderance of the evidence, that the defendant committed a second technical violation and he cannot be safely diverted from active incarceration through less restrictive means." The one-year active sentence the court imposed exceeds that limitation. We therefore remand for resentencing within the bounds the Code prescribes for a second technical violation.[3]

CONCLUSION

For the foregoing reasons, we hold the circuit court erred in classifying Fletcher's conduct as a non-technical special condition violation. The conduct found to be in violation, namely having unauthorized contact with a minor, using the internet without permission, and failing to disclose a romantic relationship in contravention of instructions directed by the probation officer, matches the technical violation enumerated in Code § 19.2-306.1(A)(v). The judgment of the circuit court is reversed, and the case is remanded for resentencing consistent with this opinion.

*Reversed and remanded.*

---

[3] Fletcher disclosed at oral argument that he has served the year of active incarceration the circuit court imposed, but the Commonwealth has not argued that the appeal is moot. Regardless, it is not moot. Fletcher does not challenge merely the length of a term already served; he challenges the classification of his violation as non-technical, an adjudication whose continuing effect on the nine years of his sentence that remain suspended and on any future violation is a collateral consequence sufficient to sustain the controversy. *See Harris v. Commonwealth*, 85 Va. App. 497, 507 & n.4 (2025); *E.C. v. Va. Dep't of Juv. Just.*, 283 Va. 522, 536 (2012). In addition, because this remand vacates Fletcher's jail admission fee imposed pursuant to Code § 15.2-1613.1, and returns to the circuit court the determination of whether to impose a jail sentence in light of the "presumption" to the contrary contained in Code § 19.2-306.1(C), whether to reimpose the jail admission fee remains a live controversy. *See Matheson v. Commonwealth*, 86 Va. App. 201 (2025).

Callins, J., concurring.

I agree with the majority that this sentencing order fails to create a special condition distinct from the violations listed under § 19.2-306.1(A), as it delegates authority to the probation officer to determine which sex offender special instructions to impose and, accordingly, I would reach the same disposition. Yet I write separately for two reasons: first, I disagree with the majority's classification of this case as "materially indistinguishable" from *Ellis v. Commonwealth*, 84 Va. App. 531 (2025); second, I submit that had the sentencing order specified *which* of the instructions it directed probation to supervise, or had it affirmatively imposed *all* the sex offender special instructions as special conditions, this case would be in a different posture. The majority opinion sufficiently details the former change to the sentencing order. I wish to clarify the latter.

The relevant facts here are materially distinct from *Ellis*. In *Ellis*, the court's sentencing order did not impose special conditions with any specificity at all. 84 Va App. at 540. Instead, it contained a general provision that the probationer was to "fully comply with all the terms and provisions of the [probation] contract." *Id.* The probation office later, and without further direction from the circuit court, imposed sex offender special instructions as a condition of Ellis's probation. This Court held Ellis's violation of those terms to be a technical violation, as probation imposed its own conditions without "any corresponding special conditions by the circuit court." *Id.* at 546. In other words, the circuit court in that case merely instructed Ellis to do what probation told them to do, whatever that may be. In contrast, the sentencing order here specifically required compliance with "all sex offender special instructions as directed by the probation officer" as a special condition of the probation. Although in both court orders the problem lies in the delegation of authority to a nonjudicial figure, the latter order demonstrates a level of specificity and intentionality the former does not.

The majority is somewhat overzealous in their contention that, just as in *Ellis*, the sentencing order here did not impose *any* behavioral requirements "whatever." Whereas the relevant provision of the order in *Ellis* lacks reference to *any* behavioral conditions, this order merely lacks clarity as to *which ones*. The sex offender special instructions are behavioral conditions themselves. Had the trial court here clarified that *all* the sex offender special instructions of probation were being affirmatively imposed as special conditions—or had it specifically identified which special instructions were being imposed—the bounds of the behavioral restrictions imposed on the probationer would be clear. Not quite so with the *Ellis* order.

Even had the sentencing order in *Ellis* stated something to the effect of "all terms and provisions of the probation contract are imposed as special conditions," a subsequent violation still would have been technical. The holding in *Ellis* requires that, at bottom, instructions of a probation officer cannot be considered "special conditions" unless they indeed correspond to a special condition imposed by the circuit court. 84 Va. App. at 546. Altering the language in the *Ellis* order like so would not suffice to provide any direction as to what behavioral conditions the probation officer was to supervise, and the terms and conditions of probation would still be left to the probation officer to determine. The same cannot be said here. Affirmatively imposing all probation sex offender special instructions as special conditions would sufficiently inform a probationer of what conduct to avoid—all conduct identified in the sex offender special instructions. As I see it, such condition would satisfy the holding in *Shifflet v. Commonwealth*, 81 Va. App. 277, 295-96 (2024), requiring that special conditions be imposed by the *court*, not the probation officer.

A court that expressly and affirmatively directs compliance with all or some specified sex offender special instructions of probation sufficiently establishes a special condition. Such an

- 14 -

order clearly signals a trial court's deliberate bound, as opposed to merely delegating to a probation officer the authority of choosing which instructions to impose. True, "courts cannot evade the limiting sentencing scheme for technical violations by 'crafting "special conditions" that encompass conduct defined by the statute as a "technical violation."'" *Ellis*, 84 Va. App. at 544 (quoting *Burford v. Commonwealth*, 78 Va. App. 170, 183 (2023)). But that caution would present no obstacle. If the probationer violated a sex offender special instruction that itself matched conduct enumerated in § 19.2-306.1(A), violation of that individual condition would still be a technical violation. *See Thomas v. Commonwealth*, 77 Va. App. 613, 626 (2023) (comparing the prohibited conduct of the violated sex offender special instruction to the technical violations enumerated in § 19.2-306.1(A) to determine the character of the violation). This approach matches the statutory procedure proscribed by *Diaz-Urrutia v. Commonwealth*, 77 Va. App. 182 (2023). But if the instruction does not prohibit conduct listed in § 19.2-306.1(A), the violation would be non-technical because the court, not the probation officer, instructed the condition of the sex offender special instructions at the onset.

The majority finds that the sentencing order in this case delegated authority to the probation officer to determine which sex offender special instructions to include as terms of Fletcher's probation and therefore failed to create a special condition. I concur in this judgment and agree with the majority that the trial court's error lies in its delegation to the probation officer of the power to define the behavioral parameters of the sex offender special instructions. I diverge from the majority to the extent it equates the problem of the *Ellis* order with that presented here.